MICHAEL HOFFMAN, Bar No. 162496
ARENA HOFFMAN LLP
220 Montgomery Street, Suite 905
San Francisco, CA 94104
Telephone:     415.433.1414
Facsimile:     415.520.0446
Email:  mhoffman@arenahoffman.com

Attorneys for Defendant
AUTOZONERS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMINA GUTIERREZ, | Case No. |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| AUTOZONERS, LLC, a limited liability company; and DOES 1 through 30, inclusive, | |
| Defendants. | |

TO THE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD:

Defendant AutoZoners, LLC ("AutoZone"), for purposes of removing this action on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332, 1441, *et seq*., to the United States District Court for the Northern District of California, serves notice and respectfully avers:

## PLEADINGS AND PROCEEDINGS TO DATE

1.      On or about November 1, 2021, a Complaint in this action was filed in Superior Court of California, County of Contra Costa, and assigned case no. C21-02288 by said court ("Action"). Contra Costa County Superior Court issued a Summons on or about November 1, 2021.  True and correct copies of the Summons and Complaint are attached hereto as Exhibit A.

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

NOTICE OF REMOVAL                                             1.

2.      AutoZone was served with the Summons and Complaint on November 3, 2021. The only other paper delivered to AutoZone with the Summons and Complaint was a Civil Case Cover Sheet. A true and correct copy of said document is attached hereto as Exhibit B.

3.      On December 1, 2021, AutoZone filed and served an Answer to the Complaint. Attached hereto as Exhibit C is a true and correct copy of the Answer.

4.      AutoZone is informed and believes that the aforementioned Exhibits A, B, and C constitute all of the process, pleadings, and orders on file in the action.

5.      AutoZone is informed and believes that there has been no service of process upon Defendant Does 1 through 30, nor other parties, named or otherwise. The identification of "Doe" defendants does not defeat removal to this Court. The only existing and served Defendant consents to the removal of this action.

6.      Thirty days since service of the Summons and Complaint have not yet expired. Accordingly, removal of this action is timely under 28 U.S.C. § 1446(b).

**DIVERSITY JURISDICTION**

7.      This action is one which may be removed to this Court by AutoZone pursuant to 28 U.S.C. §§ 1332, 1441, 1446, in that there is complete diversity of citizenship between the parties and Plaintiff seeks damages in excess of the minimum statutory amount in controversy.

8.      Plaintiff is, and at all times relevant has been, a citizen of the United States and domiciled in California. Plaintiff worked at an AutoZone store in Richmond, California. According to her job application and personnel records, Plaintiff resided in Richmond, California at all times relevant. The Complaint (Exhibit A) alleges that Plaintiff resides in Richmond; her agency charge, filed with her Complaint, identifies San Francisco as her place of residence. Plaintiff holds a California driver's license and a Social Security number. She identified Richmond as her domicile on IRS tax forms for tax purposes. Plaintiff has been domiciled in California at all times relevant; she intends to remain domiciled in California.

9.      AutoZone is, and at all times relevant was, a Nevada limited liability corporation. Attached hereto as Exhibit D is a true and correct copy of the Nevada Secretary of State's public registry for AutoZoners, LLC, posted at https://nvsos.gov. AutoZone has its principal place of

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

NOTICE OF REMOVAL                                    2.

business at the corporate headquarters of AutoZone, Inc. in Memphis, Tennessee. AutoZone Investment Corporation is the sole member entity of AutoZoners, LLC. AutoZone Investment Corporation is incorporated in Nevada. Attached hereto as Exhibit E is a true and correct copy of the Nevada Secretary of State's public registry for AutoZone Investment Corporation, posted at http://nvsos.gov. AutoZone Investment Corporation has its principal place of business at the corporate headquarters of AutoZone, Inc. in Memphis, Tennessee.

10. Plaintiff is a citizen of the United States and domiciled in California. AutoZone is a Nevada limited liability corporation, has its corporate office in Tennessee, and is not domiciled in California. Complete diversity of citizenship exists between the parties.

11. In the Complaint, Plaintiff asserts claims under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940, *et seq*., and California Labor Code arising from her employment and separation: (1) disability discrimination in violation of FEHA; (2) failure to accommodate disability in violation of FEHA; (3) failure to engage in the interactive process in violation of FEHA; (4) failure to prevent FEHA discrimination and retaliation; (5) FEHA retaliation; (6) failure to pay wages; (7) failure to provide statutory rest breaks; (8) inaccurate wage statements; (9) waiting time penalties for late payment of wages; (10) wrongful discharge in violation of public policy; and (11) unfair business practices. (Exh. A, Compl.) Plaintiff does not state in her Complaint whether she seeks damages of $75,000 or less; she alleges that the amount in controversy exceeds $25,000. (Exh. A, Compl. ¶ 6)

12. The District Courts of the United States have original and removal jurisdiction over any action where the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the plaintiff and the defendant. 28 U.S.C. §§ 1332(d), 1441(b). Where it is unclear from the Complaint whether more than $75,000 is in controversy, a defendant need only include plausible allegations that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owen*, 574 U.S. 81, 135 S.Ct. 547, 554 (2014). The jurisdictional minimum may be satisfied by claims for all damages and attorneys' fees in amounts reasonably anticipated at the time of removal.

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

NOTICE OF REMOVAL                                3.

13.     Plaintiff alleges that her employment ended on November 3, 2020.  (Exh. A, Compl. at ¶ 20)  She worked as a Commercial Driver and earned $15.10 per hour.  She allegedly "suffered and will continue to suffer" economic damages as a result of her separation.  (*Id*. at ¶¶ 26, 37, 48, 57, 68, 98)  Plaintiff also demands unpaid wages and rest break premiums in an amount to be proven at trial.  (*Id*. at ¶¶ 77, 82)  AutoZone estimates that Plaintiff's demand and amount in controversy for past and future lost income since November 3, 2020 and into the future, and for unpaid wages and break premiums during her employment, is $30,000 or more.  *Kroske v. U.S. Bank Corp*., 432 F.3d 976, 980 (9th Cir. 2005) (past and future lost wages are relevant for removal).

14.     Plaintiff alleges that the aforementioned unpaid wages creates an entitlement to late payment penalties and inaccurate wage statement penalties under Labor Code sections 203 and 226.  (Exh. A, Compl. at ¶¶ 86, 93)  Based on Plaintiff's hourly wage, the amount in controversy for the allegedly late wage payment is up to $3,624.  Plaintiff demands up to $4,000 in statutory penalties for allegedly inaccurate wage statements.  AutoZone therefore estimates that Plaintiff's demand and amount in controversy for the respective Labor Code penalties totals an additional $7,624.

15.     Plaintiff allegedly "suffered and will continue to suffer" emotional distress damages and special damages, described as "humiliation, shame, embarrassment, despair, depression, and mental paid and anguish."  (Exh. A, Compl. at ¶¶ 27, 29, 38, 40, 49, 51, 58, 60, 69, 71, 99, 101) California courts award substantial amounts for general damages in FEHA actions.  *See, e.g., Roby v. McKesson Corp*., 47 Cal.4th 686 (2009) (affirming general damages of $500,000); *Simmons v. PCR Tech*., 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002) (verdict of $3,500,000 was instructive, even though plaintiff had worked only four months, because "emotional distress damages in a successful employment discrimination case may be substantial").  Given the range of customary awards in FEHA actions, Plaintiff's demand and the amount in controversy for the alleged past and future emotional distress and special damages is $25,000 or more.  *Kroske*, 432 F.3d at 980 (district court correctly exercised removal jurisdiction, even though the plaintiff did not quantify damages in interrogatory responses, because "her emotional distress damages would add at least an additional $25,000 to her claim").

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

NOTICE OF REMOVAL                                    4.

16.     Plaintiff seeks punitive damages for alleged malice in terminating her employment. (Exh. A, Compl. at ¶¶ 30, 41, 52, 61, 72, 102)  Punitive damages form part of the amount in controversy.  *Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001).  California courts allow punitive damage awards in discrimination and retaliation cases, which may exceed Plaintiff's actual damages.  *Roby*, 47 Cal.4th at 719 (punitive damage award of $1,905,000 affirmed); *Simmons*, 209 F.Supp.2d at 1033.  A punitive damage award of $25,000 reasonably estimates the amount in controversy if Plaintiff proves the allegations in the pleading, given her other potential damages.

17.     Plaintiff further demands an award of "treble damages pursuant to California Civil Code § 3345," purportedly on the grounds that Plaintiff is disabled and has been subjected to unfair competition or deceptive practices.  (Exh. A, Compl., Prayer for Relief at ¶ k)  Plaintiff's demand for treble damages adds over $150,000 to the amount in controversy.

18.     Plaintiff demands an award of attorneys' fees and costs pursuant to FEHA, Cal. Govt. Code § 12965.  (Exh. A, Compl. at ¶¶ 31, 42, 53, 62, 73, 77, 88, 109)  All attorneys' fees, including post-removal fees authorized by law, form part of the amount in controversy.  *Brady v. Mercedes– Benz USA, Inc*., 243 F.Supp.2d 1004, 1011 (N.D. Cal. 2002) (collecting cases).  For purposes of removal, AutoZone estimates that Plaintiff's counsel demands $300 or more per hour in employment cases.  Plaintiff's counsel will spend an estimated 100 hours litigating the matter.  Thus, Plaintiff's demand for attorneys' fees and costs adds $30,000 or more to the amount in controversy.

19.     Based on the foregoing, the amount in controversy exceeds the $75,000 statutory minimum for removal based on diversity of citizenship.  Removal is therefore proper.

## VENUE

20.     This is a civil suit brought in a California state court.  Plaintiff alleges that she was employed in Contra Costa County, and that her alleged damages occurred in Contra Costa County. Based on the allegations in Plaintiff's Complaint, AutoZone is informed and believes that the events giving rise to this action occurred within this judicial district.  This Court is the appropriate venue for actions removed from Contra Costa County Superior Court.

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

NOTICE OF REMOVAL                                    5.

1    21.    AutoZone is giving written notice of the filing of this Notice of Removal to all

2    adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy with the Clerk of Court of the

3    Superior Court of California, Contra Costa County, or as further required by statute.

4    WHEREFORE, Defendant AutoZoners, LLC prays that the above-referenced action now

5    pending in Contra Costa County Superior Court, no. C21-02288, be removed from that court to this

6    United States District Court.

7

8    Dated: December 2, 2021

9                                         /S/ Michael Hoffman
                                          MICHAEL HOFFMAN
10                                        ARENA HOFFMAN LLP
                                          Attorney for Defendant
11                                        AUTOZONERS, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

NOTICE OF REMOVAL                                6.