# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:** AUTOZONERS, LLC., a limited liability
*(AVISO AL DEMANDADO):* corporation; and DOES 1 through 30, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** GUILLERMINA GUTIERREZ, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual;

FILED

2021 NOV -1 A 9: 10

~~MIC BIEKER~~
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY: D. WAGNER
D. WAGNER, DEPUTY CLERK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Contra Costa<br>725 Court Street<br>Martinez, California 94553 | **CASE NUMBER**<br>*(Número del Caso):*<br>C 21-02288 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is Hedy Ghavidel (SBN: 302335)
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
WILSHIRE LAW FIRM
3055 Wilshire Blvd., 12th Floor, Los Angeles, California 90010 (213) 381-9988

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* NOV - 1 2021 | Clerk, by<br>*(Secretario)* D. WAGNER | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Autozoners, LLC, a limited liability corporation

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416. 0 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*  NOV 03 2021
4. ☐ by personal delivery on *(date):* NOV 03 2021

[SEAL]

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |



1  Bobby Saadian (SBN: 250377)
   Brad Stuckey (SBN: 214971)
2  Hedy Ghavidel (SBN: 302335)
3  **WILSHIRE LAW FIRM**
   **A Professional Law Corporation**
   3055 Wilshire Blvd., 12th Floor
4  Los Angeles, California 90010
   Telephone:  (213) 381-9988
5  Facsimile:  (213) 381-9989
   E-mail:     bstuckey@wilshirelawfirm.com
6              hghavidel@wilshirelawfirm.com

7  Attorneys for Plaintiff
   GUILLERMINA GUTIERREZ
8

FILED

2021 NOV -1  A 9: 19

KATE BIEKER
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA
BY: D. WAGNER
D. WAGNER, DEPUTY CLERK

9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **FOR THE COUNTY OF CONTRA COSTA**

| | |
|---|---|
| 11  GUILLERMINA GUTIERREZ, an individual, | Case No:  **C 2 1 - 0 2 2 8 8** |
| 12              Plaintiff. | **COMPLAINT FOR DAMAGES:** |
| 13  -vs.- | 1. **DISCRIMINATION BASED ON PHYSICAL DISABILITY** (Gov. Code §§ 12940(a) and 12926 (o)); |
| 14  AUTOZONERS, LLC., a limited liability corporation; and DOES 1 through 30, inclusive, | |
| 15 | 2. **FAILURE TO ACCOMMODATE PHYSICAL DISABILITY AND MEDICAL CONDITION** (Gov. Code § 12940 (m)); |
| 16              Defendants. | |

3. **FAILURE TO ENGAGE IN GOOD FAITH INTERACTIVE PROCESS** (Gov. Code §§ 12940(n));

4. **FAILURE TO PREVENT DISCRIMINATORY PRACTICES** (Gov. Code § 12940(k));

5. **FAIR EMPLOYMENT & HOUSING ACT RETALIATION** (Gov. Code § 12940 (h))

6. **FAILURE TO PAY WAGES** (Lab. Code § 204)

7. **FAILURE TO PAY REST BREAK COMPENSATION** (Lab. Code § 226.7)

8. **FAILURE TO COMPLY WITH EMPLOYMENT** YOUR COUR EATRS EMENT

CASE IS ASSIGNED TO
DEPT 33, FOR ALL
PURPOSES.

1

AND RECORD PROVISIONS (Lab. Code §§ 226(a) and 1174)

9.  **STATUTORY WAITING TIME PENALTIES** (Lab. Code §§ 201, 202, and 203)

10. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

11. **UNLAWFUL BUSINESS PRACTICES** (Bus. & Prof. Code § 17200, *et seq.*)

**JURY TRIAL DEMANDED**

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**WILSHIRE LAW FIRM**
A Professional Law Corporation
Los Angeles, California

2

Plaintiff GUILLERMINA GUTIERREZ alleges as follows:

## PRELIMINARY MATTERS

### (Jurisdiction, Parties, and Venue)

1.      At all times mentioned herein, plaintiff GUILLERMINA GUTIERREZ ("Plaintiff") was an individual over the age of 18 and a resident of the County of Contra Costa, State of California.

2.      At all times mentioned herein, defendant AUTOZONERS, LLC. ("Defendant") was a limited liability corporation doing business in the County of Contra Costa, State of California.

3.      Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 30, inclusive, and therefore sues defendants under such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the events and happenings herein referred to, and proximately caused injury and damages thereby to Plaintiff as herein alleged. Plaintiff is informed and believes and thereon alleges that Does 1 through 30 are residents and citizens of the State of California.

4.      At all relevant times, each defendant and Does 1-30, were the agents, servants, and alter-egos of each other, and as such, the acts and omissions of one defendant are considered the acts and omissions of all defendants. Plaintiff is informed and believes and thereon alleges that there is such unity of interests and ownership between these defendants that separate status no longer exists, and that observance of the fiction of separate existence among these defendants would sanction fraud and promote injustice.

5.      All actions and conduct of Defendant and Does 1-30 as alleged herein were committed in Contra Costa County, State of California. Plaintiff is further informed and believes that witnesses to the events described herein were and are residents of Contra Costa County, California.

6.      The amount of damages in controversy and demanded by Plaintiff is greater than $25,000.00.

///

COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

7.     Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and has received and served a right-to-sue letter. A true and correct copy of Plaintiff's Charge and Right to Sue letter is attached hereto as Exhibit A.

## **FACTUAL ALLEGATIONS**

8.     Plaintiff hereby incorporates by reference all prior paragraphs of the allegations as though fully set forth herein.

9.     Plaintiff was employed as a commercial driver delivering auto parts to various mechanics and mechanic shops for Defendant from November 18, 2019 to November 3, 2020. Plaintiff worked at Defendant's store located at 1350 Macdonald Ave., Richmond, CA 94801.

10.     At all times, Plaintiff was a non-exempt employee under California law and was subject to the California Labor Code and Wage Order requirements. Plaintiff rarely had the opportunity to take her uninterrupted ten (10) minute rest breaks.

11.     On March 24, 2020, Plaintiff had a work-related injury while lifting part of a motor to place in her delivery car. Plaintiff reported her injury to Miriam Hernandez, a manager at the time. Plaintiff was sent to the emergency room to be examined.

12.     On March 30, 2020, Plaintiff began to work with restrictions that included no lifting/pushing/pulling more than 5 lbs. Unfortunately, Plaintiff's restrictions were not accommodated, and she had to constantly remind management that she was on modified duty.

13.     Between April 2020 and September 2020, Plaintiff's medical provider had her out on leave multiple times, sometimes for two (2) weeks at a time.

14.     Due to Defendant's failure to accommodate Plaintiff, her injuries worsened.

15.     On October 20, 2020, Plaintiff was placed on a 1-month medical leave. Plaintiff texted her medical note for a 1-month medical leave to her manager at the time, Daniel Doe.

16.     On November 20, 2020, Plaintiff was able to return to work with restrictions.

17.     Plaintiff called her work to inquire about her schedule. Plaintiff was informed she would have to wait for management to add her to the schedule again. Plaintiff followed up several

COMPLAINT FOR DAMAGES

1 times and spoke with Aaron Als who stated she was not on the schedule yet. Thereafter, Plaintiff
2 realized she no longer had access to the company portal.

3     18.     On or about November 23, 2020, Plaintiff received a call from Marzett Stakley
4 ("Stakley"), the regional manager. Stakley stated he was not aware of her situation but would
5 investigate and call her back. After numerous follow ups by Plaintiff, Stakley finally called her back
6 and advised she no longer worked for Defendant because she did not come back from her medical
7 leave. Plaintiff attempted to clarify that she had provided the necessary documents stating she was
8 out on leave for a month. Stakley stated there was nothing he could do.

9     19.     Plaintiff reached out to Stakley many times in the following weeks and attempted to
10 clear up the misunderstanding with him, but Stakley failed to respond.

11     20.     According to Defendant and unbeknownst to Plaintiff, Plaintiff was terminated on
12 November 3, 2020 - while she was on a medical leave.

### first CAUSE OF ACTION

**Discrimination Based on Physical Disability**

(Government Code §§ 12940 (a) and 12926 (o))

(Against Defendant and Does 1-30)

17     21.     Plaintiff refers to and incorporates each paragraph set forth above as though set forth
18 in full in this cause of action.

19     22.     At all relevant times, Government Code §§ 12940  (a) and 12926 (o), were in full
20 force and effect and binding on Defendant. These statutes prohibit Defendant from discriminating
21 against any employee based on that employee's actual and/or perceived physical disability.

22     23.     Plaintiff alleges that Plaintiff's physical disability was a motivating factor in
23 Defendant's wrongdoing, including without limitation, the following: (1) Defendant's refusal to
24 reasonably accommodate Plaintiff's disability; (2) Defendant's failure to engage in a timely, good-
25 faith, interactive process with Plaintiff to determine whether a reasonable accommodation could be
26 provided for her disability; and (3) terminating Plaintiff's employment due to Plaintiff's disability.

27     24.     At all relevant times, Plaintiff was an individual with a disability within the meaning
28 of Government Code § 12926(m). Additionally, at all relevant times, Plaintiff was willing, able, and

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

5

COMPLAINT FOR DAMAGES

1  qualified to perform the duties and functions of the position in which she was employed and/or

2  trained, or could have performed the duties and functions of that position with reasonable

3  accommodation. At no time would Plaintiff's performance of the employment position, with

4  reasonable accommodation for Plaintiff's disability, have been a danger to Plaintiff or any other

5  person's health or safety. Reasonable accommodation of Plaintiff's disability would not have

6  imposed an undue hardship on Defendant.

7       25.     Defendant's acts and omissions, including terminating Plaintiff's employment,

8  constitute unlawful and discriminatory employment practices on account of Plaintiff's physical

9  disability, in violation of Government Code § 12900, *et seq*.

10      26.     As a direct, foreseeable, and proximate result of Defendant's conduct as alleged,

11 Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other

12 employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of

13 which is not yet known, which amount will be proven at trial.

14      27.     As a direct, foreseeable, and proximate result of Defendant's wrongful acts and

15 failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress, and

16 will incur other incidental and consequential damages and losses, all in amounts to be proven at

17 trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to

18 any provision of law providing for prejudgment interest.

19      28.     As a direct, foreseeable, and proximate result of Defendant's discriminatory and

20 wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer

21 special damages that include, without limitation, loss of wages, salary, benefits, and/or additional

22 amounts of money Plaintiff would have received but for Defendant's discriminatory and wrongful

23 actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as

24 experience in the position Plaintiff held and advancement opportunities.

25      29.     As a direct, foreseeable, and proximate result of said wrongful acts and failures to

26 act by Defendant, Plaintiff has suffered and will continue to suffer humiliation, shame, despair,

27 embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an

28 amount to be proven at trial.

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

30.     Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendant's wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, Defendant's wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent who had advance knowledge of the unfitness of its decision-maker and employed him or her with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified his or her conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

31.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to the Fair Employment and Housing Act.

**WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is hereinafter more fully set forth.

### second CAUSE OF ACTION

**Failure to Accommodate Actual or Perceived Physical Disability**

(Government Code § 12940 (m))

(Against Defendant and Does 1-30)

32.     Plaintiff refers to and incorporates each paragraph set forth above as though set forth in full in this cause of action.

33.     At all relevant times, Government Code §§ 12940 (a) and 12940 (m), were in full force and effect and binding on Defendant. These statutes require Defendant to provide reasonable accommodation to known disabled employees.

34.     At all relevant times, Defendant was fully aware of Plaintiff's disability. Plaintiff attempted to obtain reasonable accommodation from Defendant for her disability. Defendant, through its owners, managers, employees, and agents, refused to provide Plaintiff with reasonable accommodations and refused to engage in any meaningful discussion to determine if Plaintiff could

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

7

1    be reasonably accommodated. Reasonable accommodation of Plaintiff's disability would not have

2    imposed an undue hardship on Defendant.

3        35.    Defendant's discriminatory and retaliatory actions against Plaintiff, as alleged above,

4    constitute unlawful discrimination in employment on account of Plaintiff's disability, in violation of

5    the Fair Employment and Housing Act, because Defendant failed to reasonably accommodate

6    Plaintiff's disability despite full awareness thereof and despite being requested to provide

7    reasonable accommodations. (See Government Code § 12940 (m)).

8        36.    Defendant's acts and omissions, including failing to reasonably accommodate

9    Plaintiff, constitute unlawful and discriminatory employment practices on account of Plaintiff's

10    physical disability in violation of Government Code § 12900, *et seq.*

11        37.    As a direct, foreseeable, and proximate result of Defendant's conduct as alleged,

12    Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other

13    employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of

14    which is not yet known, which amount will be proven at trial.

15        38.    As a direct, foreseeable, and proximate result of Defendant's wrongful acts and

16    failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress, and

17    will incur other incidental and consequential damages and losses, all in amounts to be proven at

18    trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to

19    any provision of law providing for prejudgment interest.

20        39.    As a direct, foreseeable, and proximate result of Defendant's discriminatory and

21    wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer

22    special damages that include, without limitation, loss of wages, salary, benefits, and/or additional

23    amounts of money Plaintiff would have received but for Defendant's discriminatory and wrongful

24    actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as

25    experience in the position Plaintiff held and advancement opportunities.

26        40.    As a direct, foreseeable, and proximate result of said wrongful acts and failures to

27    act by Defendant, Plaintiff has suffered and will continue to suffer humiliation, shame, despair,

28

COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

1  embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an

2  amount to be proven at trial.

3      41.    Defendant committed the acts alleged herein maliciously, fraudulently, and

4  oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and

5  evil motive amounting to malice or despicable conduct. Alternatively, Defendant's wrongful

6  conduct was carried out with a conscious disregard for Plaintiff's rights. Further, Defendant's

7  wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a

8  managing agent who had advance knowledge of the unfitness of its decision-maker and employed

9  him or her with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified his or

10 her conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages in an

11 amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future

12 similarly reprehensible conduct.

13     42.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to

14 the Fair Employment and Housing Act.

15     **WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is hereinafter

16 more fully set forth.

17                     **third CAUSE OF ACTION**

18           **Failure to Engage in Good Faith Interactive Process**

19                 (Government Code § 12940 (n))

20                 (Against Defendant and Does 1-30)

21     43.    Plaintiff refers to and incorporates each paragraph set forth above as though set forth

22 in full in this cause of action.

23     44.    At all relevant times, Government Code §§ 12940 (a) and 12940 (n) were in full

24 force and effect and binding on Defendant. These statutes require Defendant to engage in a timely,

25 good-faith, interactive process with an employee who has a known disability or known medical

26 condition to determine whether an effective reasonable accommodation can be provided.

27     45.    At all relevant times, Defendant knew that Plaintiff had a physical disability, and

28 Plaintiff attempted to obtain from Defendant a reasonable accommodation for her disability.

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

9

**WILSHIRE LAW FIRM**
A Professional Law Corporation
Los Angeles, California

1  Defendant, through its employees and agents, failed to adequately and timely respond to Plaintiff's

2  requests for reasonable accommodation and refused to engage in any meaningful discussion to

3  determine whether Plaintiff could be provided with reasonable accommodation.

4      46.    Defendant refused and failed to engage in a timely and adequate good-faith

5  interactive process with Plaintiff to determine an effective reasonable accommodation in response

6  to Plaintiff's request for reasonable accommodation in violation of Government Code § 12940 (n).

7      47.    Defendant's acts and omissions, including terminating Plaintiff's employment,

8  constitute unlawful and discriminatory employment practices on account of Plaintiff's physical

9  disability, in violation of Government Code § 12900, *et seq.*

10      48.    As a direct, foreseeable, and proximate result of Defendant's conduct as alleged,

11  Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other

12  employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of

13  which is not yet known, which amount will be proven at trial.

14      49.    As a direct, foreseeable, and proximate result of Defendant's wrongful acts and

15  failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress, and

16  will incur other incidental and consequential damages and losses, all in amounts to be proven at

17  trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to

18  any provision of law providing for prejudgment interest.

19      50.    As a direct, foreseeable, and proximate result of Defendant's discriminatory and

20  wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer

21  special damages that include, without limitation, loss of wages, salary, benefits, and/or additional

22  amounts of money Plaintiff would have received but for Defendant's discriminatory and wrongful

23  actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as

24  experience in the position Plaintiff held and advancement opportunities.

25      51.    As a direct, foreseeable, and proximate result of said wrongful acts and failures to

26  act by Defendant, Plaintiff has suffered and will continue to suffer humiliation, shame, despair,

27  embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an

28  amount to be proven at trial.

52.     Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendant's wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, Defendant's wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent who had advance knowledge of the unfitness of its decision-maker and employed him or her with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified his or her conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

53.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to the Fair Employment and Housing Act.

**WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is hereinafter more fully set forth.

## fourth CAUSE OF ACTION

### Failure to Prevent Discriminatory Practices

(Government Code § 12940 (k))

(Against Defendant and Does 1-30)

54.     Plaintiff refers to and incorporates each paragraph set forth above as though set forth in full in this cause of action.

55.     At all times herein mentioned, Government Code § 12940 (k) was in full force and effect and was binding on Defendant. This statute required Defendant to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring in the workplace.

56.     Plaintiff was subjected to discrimination, and retaliation due to Plaintiff's physical disability and medical condition. Defendant failed to take reasonable steps to prevent the discrimination, harassment, and retaliation Plaintiff was subjected to despite Defendant's full awareness thereof in violation of Government Code § 12900, *et seq.*

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

57.     As a direct, foreseeable, and proximate result of Defendant's conduct as alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

58.     As a direct, foreseeable, and proximate result of Defendant's wrongful acts and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any provision of law providing for prejudgment interest.

59.     As a direct, foreseeable, and proximate result of Defendant's discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendant's discriminatory and wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

60.     As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendant, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

61.     Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendant's wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, Defendant's wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent who had advance knowledge of the unfitness of its decision-maker and employed him or her with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified his or her conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages in an

1  amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future

2  similarly reprehensible conduct.

3      62.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to

4  the Fair Employment and Housing Act.

5      **WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is hereinafter

6  more fully set forth.

### fifth CAUSE OF ACTION

**Fair Employment & Housing Act Retaliation**

(Government Code § 12940 (h))

(Against Defendant and Does 1-30)

11      63.    Plaintiff hereby incorporates by reference all prior paragraphs of the allegations as

12  though fully set forth herein.

13      64.    California Government Code § 12940 (h) makes it unlawful for an employer to

14  discharge, expel, or otherwise discriminate against any person, including adversely affecting

15  working conditions, because the person has opposed any practices forbidden under Fair

16  Employment & Housing Act.

17      65.    Plaintiff engaged in the protected activities of requesting disability-related

18  accommodations, reporting harassment and/or discrimination, taking medical leave, and protesting

19  Defendant's harassing and discriminatory conduct based upon her physical disability and medical

20  condition.

21      66.    Plaintiff is informed and believes and thereon alleges that her acts of requesting

22  disability-related accommodations, reporting harassment and/or discrimination, taking medical

23  leave and/or some combination of these factors, were motivating reasons and/or factors in

24  Defendant's decisions to subject Plaintiff to the adverse employment actions, including but not

25  limited to her, termination.

26      67.    Defendant violated FEHA by retaliating against Plaintiff and terminating Plaintiff's

27  employment for attempting to exercise her protected rights, as set forth above.

28  ///

13

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

68.     As a direct, foreseeable, and proximate result of Defendant's conduct as alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

69.     As a direct, foreseeable, and proximate result of Defendant's wrongful acts and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any provision of law providing for prejudgment interest.

70.     As a direct, foreseeable, and proximate result of Defendant's discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendant's discriminatory and wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

71.     As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendant, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

72.     Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendant's wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, Defendant's wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent who had advance knowledge of the unfitness of its decision-maker and employed him or her with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified his or her conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages in an

1  amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future

2  similarly reprehensible conduct.

3      73.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to

4  the Fair Employment and Housing Act.

5      **WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is hereinafter

6  more fully set forth.

### sixth CAUSE OF ACTION

#### Failure to Pay Wages

(Labor Code § 204)

(Against Defendant and Does 1-30)

11     74.    Plaintiff refers to and incorporates each paragraph set forth above as though set forth

12  in full in this cause of action.

13     75.    Plaintiff alleges that Defendant have failed to pay Plaintiff for all hours she worked.

14  The applicable Industrial Wage Commission Wage Orders contained in Title 8 of the California

15  Code of Regulation define "hours worked" as "the time during which an employee is subject to the

16  control of an employer, and includes all the time the employee is suffered or permitted to work,

17  whether or not required to do so."

18     76.    California Labor Code § 204, in relevant part, provides: "Labor performed between

19  the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the

20  26th day of the month during which the labor was performed, and labor performed between the 16th

21  and the last day, inclusive, of any calendar month shall be paid for between the 1st and 10th day of

22  the following month." All wages above the normal workweek "shall be paid no later than the

23  payday for the next regular payroll period." (California Labor Code §204 (b)(1).)

24     77.    At all relevant times herein, Defendant failed to compensate Plaintiff for all the

25  hours she worked and under the aforementioned IWC Wage Orders and California Labor Code

26  section, Plaintiff is to recover compensation for all hours worked but not paid by Defendant and

27  Does 1-30, in an amount to be established at the time of trial.

28

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

78.     As a result of Defendant's unlawful acts, Plaintiff has been deprived of wages in amounts to be determined at trial and is entitled to recovery of such amounts, plus interest, attorneys' fees, costs, under Labor Code §§ 218.5 and 218.6.

**WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is hereinafter more fully set forth.

### seventh CAUSE OF ACTION

**Failure to Pay Rest Break Compensation**

(Labor Code § 226.7)

(Against Defendant and Does 1-30)

79.     Plaintiff refers to and incorporates each paragraph set forth above as though set forth in full in this cause of action.

80.     Section 12 of Industrial Wage Commission Wage Order Nos. 1-2001 to 16-2001 provide, and at all times relevant hereto provided, in relevant part that:

> Every employer shall authorize and permit all employees to take rest periods,
> which insofar as practicable shall be in the middle of each work period. The
> authorized rest period time shall be based on the total hours worked daily at the
> rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.
> However, a rest period need not be authorized for employees whose total daily
> work time is less than three and one-half (3 ½) hours. Authorized rest period time
> shall be counted, as hours worked, for which there shall be no deduction from
> wages. If an employer fails to provide an employee a rest period in accordance
> with the applicable provisions of this Order, the employer shall pay the employee
> one (1) hour of pay at the employee's regular rate of compensation for each work
> day that the rest period is not provided.

81.     California Labor Code § 226.7 prohibits any employer from requiring an employee to work during any rest period mandated by an applicable IWC wage order and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

1  employee one additional hour of pay at the employee's regular rate of compensation for each

2  workday that the employer does not provide a compliant meal or rest period.

3      82.     Defendant failed to provide Plaintiff with meal periods as required by law and failed

4  to authorize and permit Plaintiff to take rest periods as required by law. Plaintiff is therefore entitled

5  to payment of the meal and rest period premiums as provided by law, in an amount to be established

6  at the time of trial.

7      **WHEREFORE,** Plaintiff prays judgment against Defendant and Does 1-30 as is hereinafter

8  more fully set forth.

9                          **eighth CAUSE OF ACTION**

10  **Failure to Comply with Employment Wage Statement and Record Provisions**

11                      (Labor Code §§ 226(a) and 1174)

12                      (Against Defendant and Does 1-30)

13      83.     Plaintiff refers to and incorporates each paragraph set forth above as though set forth

14  in full in this cause of action.

15      84.     California Labor Code § 226(a) requires employers semi-monthly or at the time of

16  each payment of wages to furnish each employee with a statement itemizing, among other things,

17  the total hours worked by the employee. Defendant knowingly and intentionally failed to provide

18  Plaintiff accurate wage statements in violation of Labor Code § 226.

19      85.     As a result of Defendant's failure to provide accurate itemized wage statements,

20  Plaintiff suffered actual damages and harm by being unable to determine the accurate numbers of

21  hours worked, accurate overtime worked each pay period, and Plaintiff's accurate net and gross

22  earned compensation, etc., which prevented her from asserting her rights under California law.

23      86.     Defendant is liable to Plaintiff for the amounts provided by Labor Code § 226 (e):

24  the greater of actual damages or fifty dollars ($50) for the initial violation and one hundred dollars

25  ($100) for each subsequent violation, up to four thousand dollars ($4,000).

26      87.     The applicable Industrial Wage Commission Wage Orders contained in Title 8 of the

27  California Code of Regulation along with Labor Code § 1174 requires Defendant to maintain time

28  records showing, including but not limited to, when each employee begins and ends each work

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

1  period, meal periods, and the total hours worked in an itemized wage statement and must show all

2  deductions from payment of wages, and accurately report total hours worked by Plaintiff.

3  Defendant knowingly and intentionally failed to comply with the IWC Wage Orders and Labor

4  Code § 1174 recordkeeping requirements.

5       88.     Pursuant to California Labor Code § 226 (h), Plaintiff seeks reasonable attorneys'

6  fees and interest on unpaid wages, and costs of suit.

7       **WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is hereinafter

8  more fully set forth.

## ninth CAUSE OF ACTION

### Statutory Waiting Time Penalties

(Labor Code §§ 201, 202, and 203)

(Against Defendant and Does 1-30)

13       89.     Plaintiff refers to and incorporates each paragraph set forth above as though set forth

14  in full in this cause of action.

15       90.     California Labor Code §§ 201 and 202 require an employer to pay all wages earned

16  but unpaid immediately upon the involuntary discharge of an employee or within seventy - two (72)

17  hours of an employee's voluntary termination of employment. If an employee intentionally or

18  willfully fails to pay all wages earned and due upon termination as set forth above, the affected

19  employee is entitled to the statutory waiting time penalty of up to thirty (30) days of wages under

20  California Labor Code § 203.

21       91.     Defendant intentionally and willfully failed to pay Plaintiff's earned wages and

22  compensation within thirty days (30) from the time such wages should have been paid under the

23  Labor Code §§ 201 and 202.

24       92.     At no time has Plaintiff secreted or absented herself or otherwise refused to accept

25  payment of wages earned and due upon termination.

26       93.     Plaintiff seeks against Defendant the statutory waiting time penalty under California

27  Labor Code § 203 for their failure to pay Plaintiff earned wages and compensation required by

28  California law. Thirty (30) days have expired since Plaintiff's employment ended. Plaintiff seeks an

1   award of the statutory waiting time penalty in the amount of thirty (30) days of wages for Plaintiff,

2   with interest thereon.

3       **WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is hereinafter

4   more fully set forth.

### tenth CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy**

(As to Defendant and Does 1-30)

8       94.     Plaintiff refers to and incorporates each paragraph set forth above as though set forth

9   in full in this cause of action.

10      95.     Throughout her employment with Defendant, Plaintiff performed the duties of her

11  work assignments in a competent manner.

12      96.     Under California law, no employee can be terminated or subjected to adverse

13  employment action for a reason that violates a fundamental public policy.

14      97.     Plaintiff believes and, on that basis, alleges that her physical disability, medical

15  condition, request for disability-related accommodations, reports of harassment and/or

16  discrimination, and medical leave were substantial motivating reasons for her termination.

17  Plaintiff's termination violated the public policy of the State of California and the United States

18  imposing general business duties with which every business entity must comply. Defendant's

19  conduct violated the California Constitution, the California Fair Employment and Housing Act,

20  codified in Government Code § 12940, *et seq*., and the California Labor Code.

21      98.     As a direct, foreseeable, and proximate result of Defendant's conduct as alleged,

22  Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other

23  employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of

24  which is not yet known, which amount will be proven at trial.

25      99.     As a direct, foreseeable, and proximate result of Defendant's wrongful acts and

26  failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress, and

27  will incur other incidental and consequential damages and losses, all in amounts to be proven at

28

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

1   trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to

2   any provision of law providing for prejudgment interest.

3       100.   As a direct, foreseeable, and proximate result of Defendant's discriminatory and

4   wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer

5   special damages that include, without limitation, loss of wages, salary, benefits, and/or additional

6   amounts of money Plaintiff would have received but for Defendant's discriminatory and wrongful

7   actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as

8   experience in the position Plaintiff held and advancement opportunities.

9       101.   As a direct, foreseeable, and proximate result of said wrongful acts and failures to

10   act by Defendant, Plaintiff has suffered and will continue to suffer humiliation, shame, despair,

11   embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an

12   amount to be proven at trial.

13       102.   Defendant committed the acts alleged herein maliciously, fraudulently, and

14   oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and

15   evil motive amounting to malice or despicable conduct. Alternatively, Defendant's wrongful

16   conduct was carried out with a conscious disregard for Plaintiff's rights. Further, Defendant's

17   wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a

18   managing agent who had advance knowledge of the unfitness of its decision-maker and employed

19   him or her with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified his or

20   her conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages in an

21   amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future

22   similarly reprehensible conduct.

23       **WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is hereinafter

24   more fully set forth.

25   ///

26   ///

27   ///

28   ///

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

## eleventh CAUSE OF ACTION

### Unlawful Business Practices

(Business and Professions Code § 17200, *et seq.*)

(Against Defendant and Does 1-30)

103.    Plaintiff refers to and incorporates each paragraph set forth above as though set forth in full in this cause of action.

104.    California Business and Professions Code § 17200, *et seq.* ("the UCL") prohibits unfair competition, including but not limited to any unlawful, unfair or fraudulent business practices.

105.    California Labor Code § 90.5 (a) provides that it is the public policy of the State of California to vigorously enforce labor standards to ensure that employees are not required to work under substandard unlawful conditions, and to protect employers who comply with the law from those who attempt to gain a competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

106.    Defendant's conduct as alleged in Plaintiff's Seventh through Eleventh causes of action as set forth above constitute unfair and unlawful business practices within the meaning of California Business and Professions Code § 17200, *et seq.* Plaintiff seeks restitution and disgorgement from Defendant of earned wages/compensation withheld from her during the statutory period.

107.    As a direct and proximate result of the unfair and unlawful conduct of Defendant, Plaintiff has suffered, and will continue to suffer, the loss of compensation owed to her in a sum to be established at trial.

108.    Unless restrained Defendant will continue to commit the unfair and unlawful business practices alleged above. Plaintiff, therefore, seeks a preliminary and permanent injunction pursuant to California Business and Professions Code §§ 17203 and 17204 to enjoin Defendant from committing such practices in the future.

109.    Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff seeks reasonable attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is hereinafter more fully set forth.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against each defendant, as is fully set forth below:

a. That Defendant and Does 1-30 are found to have violated California Government Code § 12940 *et seq.*;

b. That Defendants and Does 1-30 are found to have violated the California Labor Code and the applicable IWC Wage Order(s);

c. That Defendant and Does 1-30 are found to have violated California Business and Professions § 17200, *et seq.*;

d. That Defendant and Does 1-30 are found to have wrongfully terminated Plaintiff in violation of public policy;

e. That Defendant and Does 1-30's violations as described above are found to be willful;

f. For general damages in a sum according to proof;

g. For special damages in a sum according to proof;

h. For compensatory damages;

i. For statutory penalties;

j. For injunctive relief and restitution pursuant to California Business and Professions § 17200, *et seq.*;

k. For treble damages pursuant to California Civil Code § 3345;

l. For costs of suit herein incurred;

m. For pre and post-judgment interest;

n. For punitive and exemplary damages;

o. An award of reasonable attorneys' fees and costs in accordance with California law, including but not limited to the California Government Code, Labor Code, and/or Code of Civil Proc. § 1021.5; and

WILSHIRE LAW FIRM
A Professional Law Corporation
Los Angeles, California

p.   For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

DATED:  October 29, 2021

**WILSHIRE LAW FIRM**
A Professional Law Corporation

By: _Hedy G. Asgari_
_____

Brad Stuckey
Hedy Ghavidel

Attorneys for Plaintiff
GUILLERMINA GUTIERREZ

23

Exhibit A

# Exhibit A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 29, 2021

Hedy Ghavidel
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010

RE:   **Notice to Complainant's Attorney**
       DFEH Matter Number: 202110-15238429
       Right to Sue: Gutierrez / Autozoners, LLC

Dear Hedy Ghavidel:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                GAVIN NEWSOM, GOVERNOR
## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

October 29, 2021

RE:    **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202110-15238429
       Right to Sue: Gutierrez / Autozoners, LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

October 29, 2021

Guillermina Gutierrez
1008 Larkin Street, Apt #308
San Francisco, California 94109

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202110-15238429
      Right to Sue: Gutierrez / Autozoners, LLC

Dear Guillermina Gutierrez:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 29, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

2

**BEFORE THE STATE OF CALIFORNIA**

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**

3

**Under the California Fair Employment and Housing Act**

**(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**

5

Guillermina Gutierrez                                                              DFEH No. 202110-15238429

6

Complainant,

7

vs.

8

Autozoners, LLC

1350 Macdonald Ave.

9

Richmond, California 94801

10

Respondents

11

_____

12

13

**1.** Respondent **Autozoners, LLC** is an **employer** subject to suit under the California Fair
Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

14

15

**2.** Complainant **Guillermina Gutierrez**, resides in the City of **San Francisco,** State of

16

**California.**

17

**3.** Complainant alleges that on or about **November 3, 2020**, respondent took the

18

following adverse actions:

19

**Complainant was harassed** because of complainant's disability (physical or mental).

20

**Complainant was discriminated against** because of complainant's disability (physical or
mental) and as a result of the discrimination was terminated, denied reasonable

21

accommodation for a disability.

22

**Complainant experienced retaliation** because complainant requested or used a disability-
related accommodation and as a result was terminated, denied reasonable accommodation

23

for a disability.

24

25

26

-1-

27

Date Filed: October 29, 2021

28

DFEH-ENF 80 RS

**Additional Complaint Details:** Complainant was a member of a protected class, was associated with a member of a protected class, was perceived to be a member of a protected class, was associated with a member of a protected class, and Respondent's mistreatment of complainant was in violation of FEHA, Government Code, 12926, and 12940 et seq. The discrimination, harassment and retaliation were continuing until Respondent fired Complainant. Respondent failed to investigate, prevent or remedy the discrimination or retaliation.

Complainant worked as a commercial drive for Respondent from November 2019 to on or around November 3, 2020. On March 24, 2020, Complainant suffered a work related injury and was sent to the emergency room. On March 30, 2020, Complainant was able to return to work with restrictions, including lifting no more than five pounds. However, she was not accommodated even though she continued to remind Respondent that she was placed on modified duty.

Between April 2020 and September 2020, Complainant was placed on medical leave in weekly or biweekly time periods due to Respondent's failure to accommodate to Complainant's lifting restriction. On October 20, 2020, Complainant informed Respondent that she was placed on one month medical leave.

On November 20, 2020, Complainant was able to return to work with restrictions. Complainant made multiple attempts to reach out to Respondent but was consistently informed that she had to wait for management. Eventually, she realized that she was unable to access the company portal. On or around November 23, 2020, Complainant received a call from the regional manager who disclosed that he was not aware of her situation before informing her that she had been terminated because she did not return after her medical leave. Complainant attempted to explain the situation but continued to be ignored by Respondent.

According to Respondent, Complainant was terminated on November 3, 2020, while Complainant was on leave; however, Complainant was not notified of her termination until after her leave expired.

-2-
*Complaint – DFEH No. 202110-15238429*

Date Filed: October 29, 2021

DFEH-ENF 80 RS

1  VERIFICATION

2  I, **Hedy Ghavidel**, am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof.  The matters alleged are based
   on information and belief, which I believe to be true.

4
   On October 29, 2021, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                    **Los Angeles, Ca**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          -3-
                          *Complaint – DFEH No. 202110-15238429*
27
   Date Filed: October 29, 2021
28
                                                              DFEH-ENF 80 RS